# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| INNOVA SPECIALTIES INC., and KARTHIK RAGHAVAN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:09cv0553 TCM<br>) |
| PARNELL LABORATORIES (AUST) Pty, Ltd., | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER

Parnell Technologies Pty. Ltd. (Parnell Tech) moves this Court[1] for leave to intervene in a suit brought against Parnell Laboratories (Aust) Pty, Ltd. (Parnell Labs) by Innova Specialties, Inc. ("Innova"), and Karthik Raghavan (collectively referred to as Plaintiffs). Plaintiffs oppose the motion.

## Background

This action has its genesis in an agreement between Parnell Labs and Plaintiffs for the manufacture by Plaintiffs of Pentosan Polysulfate Sodium (PPS). (Compl. ¶ 9.) Innova first used Parnell Labs' process for manufacturing PPS and later developed its own. (Id. ¶¶ 11, 12.) A few years later, Innova began manufacturing PPS for another company, Randlab Australia, using that company's process. (Id. ¶ 13.) That same year, Parnell Labs asked that Innova again manufacture PPS for it; Innova did so, using Parnell Labs' process. (Id. ¶ 15.)

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

Plaintiffs allege in their complaint Innova never signed a non-disclosure or exclusivity agreement with Parnell Labs. (Id. ¶ 16.) They seek monetary damages based on allegations that Parnell Labs has not paid for PPS and two pharmaceutical ingredients Innova has delivered to, and have been retained by, Parnell Labs. Plaintiffs also seek a declaratory judgment that they have not breached any non-disclosure agreement with Parnell Labs and have not misappropriated Parnell Labs' trade secrets.

Alleging that they have acquired from Parnell Labs the trade secrets at issue, Parnell Tech moves for leave to intervene under Fed.R.Civ.P. 24. They first argue that they should be granted leave to intervene as a matter of right under Rule 24(a)(2)[2] because (1) their motion is timely in that only one round of written discovery has been completed, no depositions have been taken, and no hearings on the merits have been held; (2) their interests in protecting their acquired trade secretes will be impaired if they are not allowed to intervene; and (3) their interests are not adequately represented by Parnell Labs in that (a) Parnell Labs no longer owns the trade secretes at issue and will be focusing its efforts on defending against the breach of contract claims, and (b) Parnell Labs has not asserted any counterclaims against Plaintiffs, including claims for misappropriation of trade secrets and for breach of a confidentiality agreement. Alternatively, Parnell Tech argues that it should

---

[2]Rule 24(a)(2) requires a court to permit intervention to anyone who, on timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impeded the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(2).

be permitted to intervene under Rule 24(b)(1)(B)[3] because their claims share common questions of law and fact with Plaintiffs' claims. Attached to their motion is a complaint against Plaintiffs for violation of a confidentiality agreement and of the Missouri Uniform Trade Secrets Act.

Plaintiffs oppose the motion, arguing that the appropriate remedy is a motion under Fed.R.Civ.P. 25(c) for substitution of a successor in interest and that Parnell Tech is impermissibly using a motion to intervene to avoid the deadline for amending pleadings.

## **Discussion**

"Under Rule 24(a)(2), a party is entitled to intervene as a matter of right upon filing a timely motion if: (1) [the movant] has a cognizable interest in the subject matter of the litigation, (2) the interest may be impaired as a result of the litigation, and (3) the interest is not adequately protected by the existing parties to the litigation." **Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC**, 485 F.3d 1006, 1008 (8th Cir. 2007). Any doubts are to be resolved in favor of intervention. **Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assocs.**, 60 F.3d 1304, 1307 (8th Cir. 1995).

The first requirement is that the motion be timely. The case management order listing various deadlines, including those for discovery and the amendment of pleadings, was entered on October 22, 2009. The deadline for the amendment of pleadings was November

---

[3]Rule 24(b)(1)(B) permits a court to allow anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B).

30. Disclosure of expert witnesses is to be completed by July 9, 2010. All discovery is to be completed by November 12, 2010. On November 20, 2009, counsel for Parnell Labs informed Plaintiffs' counsel by e-mail that Parnell Labs had sold its intellectual property, including the trade secrets at issue, to Parnell Tech. (Pls. Ex. 2.) Counsel indicated that a motion to intervene would be filed. The pending motion was filed on May 11, 2010.

"In determining timeliness [of a motion to intervene], a court should consider how far the proceedings have progressed, prejudice to other parties from any delay, and the reason for the delay." **Taylor v. Sw. Bell Tel. Co.**, 251 F.3d 735, 741 (8th Cir. 2001). Discovery is not yet closed and no substantive motions have been filed. Moreover, the issues raised by the complaint in intervention are the converse of those raised by the seminal complaint. Plaintiffs seek a declaratory judgment that they have not breached any agreement requiring confidentiality or non-disclosure and have not misappropriated various trade secrets; the complaint in intervention seeks a judgment that they did and they have. Although Parnell Tech has not explained the six-month delay between its intention to file a motion to intervene and it doing so, the Court finds the motion timely.

The next requirement is that the movant has a cognizable interest in the litigation. "Rule 24 speaks to practical concerns by requiring that intervenors have a recognized interest in the subject matter of the litigation . . . ." **Mausolf v. Babbitt**, 85 F.3d 1295, 1300 (8th Cir. 1996). For intervention as a matter of right under Rule 24(a)(2), this interest must be "significantly protectable, which has been interpreted to mean 'legally protectable.'" **United**

States v. Metro. St. Louis Sewer Dist.**, 569 F.3d 829, 839 (8th Cir. 2009) (internal citations omitted). General economic interests are not protectable, **id.**, nor are interests that are "contingent upon the occurrence of a sequence of events before [they] become colorable," **Med. Liab. Mut. Ins. Co.**, 485 F.3d at 1008. An interest in preserving the value of property or in the continued viability of an agreement are legally protectable. See **United States v. Union Elec. Co.**, 64 F.3d 1152, 1161 (8th Cir. 1995) (value of property); **Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist.**, 738 F.2d 82, 84 (8th Cir. 1984). Parnell Tech alleges that it now owns the trades secrets at issue. This is a specific economic interest that is not contingent on a future event. The Court finds that this is a legally protectable interest. See **Formulabs, Inc. v. Hartley Pen Co.**, 275 F.2d 52, 56 (9th Cir. 1960) (holding that district court had erred by not allowing party who claimed interest in trade secrets to intervene as a matter of right in action filed against company who used product involving those secrets).

Parnell Tech next argues that its interest in the acquired trade secrets may be impaired as a result of the litigation. The Court agrees. Plaintiffs seek a judgment that they have not misappropriated trade secrets and have not violated any confidentiality or non-disclosure agreement about those secrets. Plaintiffs' success would certainly impair Parnell Tech's interest in those secrets.

The final requirement under Rule 24(a)(2) is that the cognizable interest is not adequately protected by the existing parties to the litigation. "The question is not whether

the intervenors had any other way of protecting their interests, but whether those interests are protected in this litigation." **United States v. Union Elec. Co.**, 64 F.3d 1152, 1169 (8th Cir. 1995). Thus, "[t]he court must compare the interests of the proposed intervenors with the interests of the current parties." **Id.** "[W]here those interests are disparate, even though directed at a common legal goal, . . . intervention is appropriate." **Id.** at 1170 (internal quotations omitted) (second alteration in original). Additionally, "the would-be intervenor faces a 'minimal burden' of showing that its interests are not adequately represented by the parties."[4] **Mausolf**, 85 F.3d at 1303; accord **Chiglo v. City of Preston**, 104 F.3d 185, 1987 (8th Cir. 1997).

Parnell Tech has carried this minimal burden. It alleges, without contradiction, that it now owns the trade secrets at issue. Although Parnell Labs would continue to have an interest in the claims arising from the allegations of materials delivered and not paid for, its interests in the trade secrets and their non-disclosure are no longer.

Alternatively, the Court finds that permissive intervention is appropriate. Intervention is permitted under Rule 24(b) "'when an applicant's claim or defense and the main action have a question of law or fact in common.'" **Barnett**, 317 F.3d at 787 (quoting Fed.R.Civ.P. 24(b)(1)(B)). Plaintiffs' claims of not violating any confidentiality agreement or misappropriating any trade secrets clearly share a common question of law and fact with

---

[4]An exception is when one of the parties is an agency or arm of the government or has a preexisting obligation to represent the movant's interests. See **South Dakota ex rel. Barnett v. U.S. Dep't of Interior**, 317 F.3d 783, 786 (8th Cir. 2003); **Mausolf**, 85 F.3d at 1303. No such exception applies in the instant case.

Parnell Tech's claims that they did. Cf. **Curry v. Regents of Univ. of Minn.**, 167 F.3d 420, 423 (8th Cir. 1999) (finding no common question of law or fact when inclusion of movant would interject collateral issues).

"The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." **Barnett**, 317 F.3d at 787. As set forth above, the Court finds that there would be no undue delay or prejudice by permitting Parnell Tech to intervene. Cf. **Med. Liab. Mut. Ins. Co.**, 485 F.3d at 1009 (affirming the denial of permissive intervention when the movant had sought such more than a year after the action had been filed and "only shortly before the discovery deadline").

Alleging that Parnell Tech and Parnell Labs share the same name, location, officers, and lawyers and that the former has rendered the latter a shell corporation, Plaintiffs argue that the only proper remedy is for Parnell Tech to "step[] into the shoes of Parnell Labs" under Rule 25(c)[5] and be added as a defendant. (Pls. Mem. at 8-9.) In support of this position, Plaintiffs rely on two cases involving default judgments: **In re Bernal**, 207 F.3d 595 (9th Cir. 2000), and **Minn. Min. & Mfg. Co. v. Eco Chem, Inc.**, 757 F.2d 1256 (Fed. Cir. 1985). The question in **Bernal** was whether the second assignee of a student loan guarantee could intervene in a bankruptcy adversary proceeding to determine the

---

[5]Rule 25(c) provides that "[if] an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."

nondischargeability of the loan. 207 F.3d at 596-97. A default had been entered against the original assignee after that assignee had failed to respond to the adversary complaint. **Id.** After the entry of default, the original assignee had assigned and transferred the notes in question to the proposed intervenor. **Id.** at 597. Four months after being informed of the proceeding and the default, the second assignee moved to intervene. **Id.** The Ninth Circuit held that intervention was inappropriate because the second assignee was "not a third party which had some interest in property that might somehow be impaired if it could not intervene." **Id.** On the basis of the record before the Court, Parnell Tech is a third party with the required threatened interest in property. There is no default judgment to be avoided.

In **Eco Chem.**, the default at issue was one entered in a patent infringement case against a corporation that disbanded during the litigation. 757 F.2d at 1258. All the assets of the disbanded corporation were converted by the shareholders of that corporation to another, newly-formed corporation, rendering the corporation against whom the default had been entered judgment proof. **Id.** at 1259. The plaintiff successfully moved under Rule 25(c) to substitute the new corporation for the old. **Id.** The propriety of that substitution was questioned in the context of a challenge to the assertion of personal jurisdiction over the new corporation. **Id.** at 1261-63. On the basis of the record before the Court, there is no such shell game at issue here. There is a transfer of some interests from one apparently viable corporation to another.

Neither of the two cases cited by Plaintiffs support their argument that only substitution and not intervention is the appropriate path in the instant case. Whatever the merit of a Rule 25(c) motion would be, Parnell Tech has not made one. It has moved to intervene, and, for the reasons set forth above, this motion will be granted pursuant to Rule 24(a)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to intervene of Parnell Technologies Pty Ltd. is **GRANTED**. [Doc. 54]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  12th  day of July, 2010.